**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AUGUSTUS SANFORD,

    Defendant - Appellant.

No. 17-1338
(D.C. Nos. 1:16-CV-00804-REB and
1:11-CR-00303-REB-3)
(D. Colo.)

_____

**ORDER AND JUDGMENT AND**
**ORDER GRANTING A CERTIFICATE OF APPEALABILITY***
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Defendant Augustus Sanford was convicted by a jury of six criminal counts,

including one count of possessing a firearm during a crime of violence, in violation of

§ 18 U.S.C. 924(c), and was sentenced to a total term of imprisonment of 384 months,

which included an 84-month consecutive sentence for the § 924(c) conviction. Sanford's

convictions and sentence were affirmed on direct appeal. Sanford then filed a 28 U.S.C.

§ 2255 motion seeking relief from his § 924(c) conviction and sentence. The district

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

court denied Sanford's motion and also denied him a certificate of appealability (COA) and the right to proceed in forma pauperis (IFP) on appeal. Sanford filed a timely appeal and, most recently, filed a motion for summary disposition, arguing that the Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319 (2019), definitively resolves this case. For the reasons that follow, we grant Sanford's motion for summary disposition, grant him a COA, authorize him to proceed IFP, reverse the district court's judgment, and remand with directions to grant Sanford's § 2255 motion challenging his § 924(c) conviction and sentence.

I

In August 2011, a federal grand jury indicted Sanford on four counts of kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and 3559(f)(2), one count of conspiracy to kidnap, in violation of 18 U.S.C. § 1201(c), and one count of possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The case proceeded to trial in June 2012. The jury found Sanford guilty on all six counts. In February 2013, Sanford was sentenced to a total term of imprisonment of 384 months. That included concurrent sentences of 300 months on the first five counts, and a consecutive sentence of 84 months on the § 924(c) conviction.

Sanford filed a direct appeal. In April 2014, this court issued an opinion affirming the judgment of the district court. United States v. Morgan, 748 F.3d 1024 (10th Cir. 2014).

Approximately two years later, in April 2016, Sanford filed a pro se motion to vacate, set aside or correct his sentence pursuant to § 2255. Sanford asserted two

2

grounds for relief in his § 2255 motion: (1) that his sentences for conspiracy to kidnap and possession of a firearm during a crime of violence should be vacated in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015); and (2) that he was entitled under 18 U.S.C. § 3585(b)(2) to credit for the time he spent in state prison in conjunction with his federal sentence.

Shortly after Sanford filed his § 2255 motion, the district court issued an order dismissing the second claim for relief without prejudice, and ordering the government to file a response to the first claim. In May 2016, the government filed a response opposing Sanford's first claim for relief. In July 2016, the Federal Public Defender's Office, which had entered an appearance on Sanford's behalf, filed a reply brief clarifying that Sanford's first claim for relief challenged only his § 924(c) conviction.

In July 2017, the district court issued an order denying Sanford's first claim for relief. The district court rejected Sanford's "conten[tion] that the rule established in Johnson applie[d] equally to the language of § 924(c)(3)(B)." ROA, Vol. 1 at 78. The district court noted that "Johnson d[id] not address the language of § 924(c)(3)(B)," and instead "addresse[d] the different language used in § 924(e)(2)(B)(ii)." Id. at 79. The district court also concluded "that the language of § 924(c)(3)(B) is more narrow than the language of § 924(e), the language at issue in Johnson." Id. Thus, the district court concluded that Sanford, "in his proposed challenge to the language of § 924(c)(3)(B), [wa]s not asserting the right newly recognized in Johnson." Id. at 79–80.

Sanford timely appealed from the district court's order. In October 2017, this court granted Sanford's unopposed motion to abate the appeal pending issuance of a final

3

decision in United States v. Morgan, No. 17-1172, an earlier and similar appeal filed by one of Sanford's codefendants. On June 27, 2019, Sanford filed a status report noting that "[o]n June 24, 2019, the Supreme Court ruled in United States v. Davis . . . that § 924(c)'s residual clause is unconstitutionally vague." Status Report at 1. Sanford in turn "suggest[ed] that abatement [wa]s no longer appropriate given the ruling in Davis," and he expressed his "view that Davis definitively resolves this case." Id. On June 28, 2019, the clerk of this court lifted the abatement and directed the district court to transmit the record.

On July 11, 2019, Sanford filed a motion for summary disposition seeking "three related forms of relief": (1) an order granting him leave to proceed in forma pauperis on appeal; (2) an order granting him a certificate of appealability (COA); and (3) an order dispensing with full briefing and summarily reversing the district court's judgment. Mot. for Summary Disposition at 1.

On July 30, 2019, the government filed a response to Sanford's motion for summary disposition. The government conceded in its response "that in the interests of justice it is appropriate to grant both the IFP and COA requests." Response at 1. The government also "agree[d] that under the particular circumstances of this case, summary reversal and remand is appropriate, but only because the government has chosen to waive otherwise valid procedural bars." Id. at 2.

II

In Davis, the Supreme Court held that the language of § 924(c)(3)(B)'s residual clause "provides no reliable way to determine which offenses qualify as crimes of

4

violence and thus is unconstitutionally vague." 139 S. Ct. at 2324. That holding is critical for purposes of the instant appeal. Both Sanford and the government agree that the predicate offenses for Sanford's § 924(c) conviction—kidnapping and conspiracy to kidnap—could only qualify as "crimes of violence" under § 924(c)(3)(B)'s residual clause. Thus, as the parties also agree, it is clear that, in light of Davis, Sanford's § 924(c) conviction and sentence cannot stand. We therefore reverse the judgment of the district court and remand with directions to grant Sanford's § 2255 motion to the extent that it challenges his conviction and sentence under § 924(c). Whether or not such relief necessitates a full resentencing is left for the district court to determine on remand.

III

We hereby GRANT Sanford's motion for summary disposition, GRANT his request for COA, GRANT his request for leave to proceed IFP on appeal, REVERSE the district court's judgment, and REMAND for further proceedings consistent with this order.

The Clerk is directed to issue the mandate forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5